**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Donte Lamont LOFTON, Defendant—Appellant.**

No. 06–10559.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 13, 2007.

Filed June 15, 2007.

Christina Brown, Esq., USLV–Office of the U.S. Attorney Lloyd, Las Vegas, NV, for Plaintiff–Appellee.

Jason F. Carr, Esq., FPDNV–Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before: GOODWIN, BYBEE, and M. SMITH, Circuit Judges.

## MEMORANDUM *

The facts and procedural posture of the case are known to the parties, and we do not repeat them here. Donte Lamont Lofton ("Appellant") pleaded guilty to being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g), preserving his right to appeal the denial of his suppression motion. We have jurisdiction under 28 U.S.C. § 1291. On appeal, Appellant claims that his Fourth Amendment rights were violated when probation officers searched his residence. We review his claim de novo, and we also review the district court's "[f]actual findings ... for clear error." *United States v. Manning*, 56 F.3d 1188, 1196 (9th Cir.1995).

Appellant, as the probation officers knew, was on federal supervised release. Because of Appellant's status and the conditions to which he had consented, the probation officers could search his residence on reasonable suspicion alone. *See United States v. Knights*, 534 U.S. 112, 122, 122 S.Ct. 587, 151 L.Ed.2d 497 (2001); *United States v. Lopez*, 474 F.3d 1208, 1213–14 (9th Cir.2007). Here, we hold that the district court did not err in concluding that the search was reasonable under the Fourth Amendment because the officers had reasonable suspicion that Appellant had violated his supervised release conditions and was engaged in criminal activity. *See* U.S. Const. amend. IV; *Knights*, 534 U.S. at 121, 122 S.Ct. 587.

Because reasonable suspicion existed to conduct the search of Appellant's residence, we need not resolve the question of whether the search would have been reasonable even in the absence of reasonable suspicion.

Accordingly, we **AFFIRM** the district court's denial of Appellant's motion to suppress.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.